Van Voofhis, J.
(dissenting). The question upon this appeal is whether testator intended to give anything to his estranged, alleged widow unless she succeeded in establishing her right to take against the will under section 18 of the Decedent Estate Law. It is undisputed that she failed to make a legal election to take against the will under that section. Therefore, she is entitled to nothing unless the will makes provision for her. The controlling language reads as follows: “In the event that Lucia Baldwin Collins survives me and in the event that it be *200 determined that she has a right of election against or in absence of testamentary provision for her benefit in this my last Will and Testament, which I believe is not the case, and only in such events, I give, devise and bequeath to my Executors hereinafter named an amount equal to her share of my estate as in intestacy, as defined in Section 18 of the Decedent Estate Law, Lsr Trust, nevertheless,” etc.
Obviously it had to be established that she was his widow to entitle her to any right of election, but that was not all that the testator had in mind. The language which has been quoted, although obscure at first glance, is really plain in its meaning. It manifests a clear intention to give to her as little as possible under the law. She gets nothing under the will unless “it be determined that she has a right of election against ’ ’ the will. The normal manner in which it would be determined that she has a right of election would be through her filing her notice of election under section 18. If she succeeded in making a valid election to take against the will, one would suppose that what she would get would be her intestate share under section 18, and not anything given to her in the will. Evidently the testator had in mind that if it were determined by the Surrogate’s Court that she has a right of election, then and only then would she be entitled to receive under the will what is given to her in trust. Testator’s object in creating the trust was not to give her more than she would be entitled to take against the will, but less. That is to say, her intestate share, if it were established that she was entitled to take it under section 18, would be curtailed by putting it in trust making a gift to her of only the irreducible minimum, and then only on condition that she established her right of election. It is quite possible- that a contingent gift of this nature might be void; it may very well be that a testator could not condition the creation of a trust on the establishment of a right of election to take an intestate share. Quite possibly'if this woman had established her right of election to take against the will, she would have received outright her intestate share, without its being placed in trust, inasmuch as the language makes clear that there was no intention to create any trust unless she were entitled to her intestate share. The question here does not concern whether the trust would have been enforcible, instead of her taking her intestate *201 share outright, if she had validly filed her notice of election under section 18. She has been defeated for the reason that she did not file it, and that, in that event, the testator intended to give her nothing. The language of the will does not say that she shall take a trust if it be established that she is his lawful widow. It says that she shall take nothing unless 6 ‘ it be determined that she has a right of election ”. The construction is strained, it seems to me, that this language meant that she was to receive her intestate share in trust if it were to be held that she had the right of election to take against the will but did not exercise it. If she failed to exercise it, then the Appellate Division was correct in holding that the testator intended to give her nothing under the will. A matrimonial action was pending when he made the will, husband and wife had become embittered against each other, and I find no support for any idea that he intended to make a gift to her, even in trust, unless her right to take against the will was established in the usual normal way, by her filing a notice within the time limited by statute and getting it established.
The order should be affirmed.
Chief Judge Desmond and Judges Fuld, Burke, Foster and Scilekpi concur with Judge Dye; Judge Van Voorhis dissents in a separate opinion.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with- costs in this court and in the Appellate Division to all parties payable out of the estate.